650 A.2d 1135

**Louis L. WESSEL, Jr.**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 8, 1994.

Decided Nov. 14, 1994.

Timothy P. Wile, Asst. Counsel In–Charge Appellate Section, for appellant.

G. William Bills, Jr., for appellee.

Before SMITH, KELLEY, JJ., and KELTON, Senior Judge.

SMITH, Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals a September 29, 1993 order of the Cambria County Court of Common Pleas which sustained the appeal of Louis L. Wessel Jr. (Licensee) from a ninety-day suspension of his operating privilege pursuant to Section 13(m) of The Controlled Substance, Drug, Device and Cosmetic Act (Controlled Substance Act), Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. § 780–113(m).[1] The issues raised on appeal are whether the trial court erred as a matter of law when it sustained Licensee's appeal because he was not informed at the time he pleaded guilty to the underlying drug offense of the mandatory suspension of his driving privilege;[2] and whether the trial court erred as a matter of law in determining that a nexus must exist between the Controlled Substance Act violation and the motor vehicle to justify the imposed punishment of license suspension.

1. 35 P.S. § 780–113(m) provides:

> (m) Notwithstanding any other provision in this act, any person, not a registrant, who possesses, sells, delivers, offers for sale, holds for sale or gives away any controlled substance, in addition to any other penalty provided in this or any act, upon conviction for a violation of this act, shall have his or her operating privilege suspended. The clerk of any court of this Commonwealth, within ten days after final judgment of conviction for violations of this act requiring suspension under this section, shall send to the Department of Transportation a record of the conviction on a form provided by the Department of Transportation. When the Department of Transportation suspends the operating privilege of a person under this subsection, the duration of the suspension shall be as follows:
>
> (1) For a first offense, a period of 90 days from the date of suspension.
>
> (2) For a second offense, a period of one year from the date of suspension.
>
> (3) For a third offense, and any offense thereafter, a period of two years from the date of suspension. Any multiple suspensions imposed shall be served consecutively.

2. Section 13(m) of the Controlled Substance Act was amended in 1992 to extend the period of suspension for a first offense from ninety days to six months. This section was repealed by the Act of June 28, 1993, P.L. 137, No. 33, § 7, effective in 60 days. The provisions of this section are now found in essentially similar form at 75 Pa.C.S. § 1543(c).

■ It is uncontested that Licensee was charged with violating Section 13(a)(16) of the Controlled Substance Act, 35 P.S. § 780–113(a)(16), on April 14, 1992; pleaded guilty to the charge on March 16, 1993; and the trial court did not inform Licensee of the mandatory suspension of his driving privilege when he pleaded guilty to the criminal charge. Licensee was notified by letter dated May 13, 1993 that his driving privilege was suspended for ninety days pursuant to Section 13(m) of the Controlled Substance Act as a result of his conviction for violating the Act. Licensee appealed the suspension of his driving privilege and on September 22, 1993, the trial court sustained his appeal.[3]

The trial court sustained Licensee's appeal pursuant to *Duffey v. Department of Transportation, Bureau of Driver Licensing*, 147 Pa.Commonwealth Ct. 280, 607 A.2d 815 (1992) and *Department of Transportation, Bureau of Driver Licensing v. Ahlborn*, 156 Pa.Commonwealth Ct. 196, 626 A.2d 1265 (1993), where this Court held that a license suspension constituted an illegal sentence where the suspension was imposed without the licensee being informed of the civil consequences of a conviction prior to entry of the licensee's guilty plea. Subsequent to the trial court's decision in this case, the Pennsylvania Supreme Court reversed both *Duffey* and *Ahlborn*, and review of the instant appeal will now be made in light of these changes. *See Commonwealth v. Duffey*, 536 Pa. 436, 639 A.2d 1174, *cert. denied*, —— U.S. ——, 115 S.Ct. 223, 130 L.Ed.2d 149 (1994); *Ahlborn v. Department of Transportation*, 537 Pa. 153, 641 A.2d 1166 (1994).

■ DOT maintains that the trial court erred in sustaining Licensee's appeal because suspension of his driving privilege under Section 13(m) of the Controlled Substance Act is a collateral civil consequence of the conviction, and Licensee is not entitled to be informed of the civil sanction when pleading

3. In a license suspension appeal, this Court's scope of review is limited to determining whether the trial court's findings are supported by competent evidence, whether errors of law have been committed, or whether the trial court's determinations demonstrate an abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Tarnopolski*, 533 Pa. 549, 626 A.2d 138 (1993).

guilty to a violation of the Act. The only relevant issues in a civil license suspension appeal are whether the motorist was in fact convicted and whether DOT acted in accordance with applicable law. *Amoroso v. Department of Transportation, Bureau of Driver Licensing,* 152 Pa.Commonwealth Ct. 215, 618 A.2d 1171 (1992). A valid guilty plea to a drug offense does not require that the defendant be informed that as a consequence of his or her conviction, the defendant's operating privilege will be suspended by DOT under Section 13(m). *Duffey; Ahlborn.*

In *Duffey* the Supreme Court held that the loss of a driving privilege is a collateral consequence of a conviction for underage drinking and there is no requirement that a licensee know of this consequence at the time of the guilty plea nor any obligation on the part of the court to inform defendants of the mandatory suspension. Licensee contends that *Duffey* does not apply in this instance and that his due process rights were violated because his license suspension was a direct result and a part of the same statute to which he was pleading guilty and therefore, the penalty cannot be imposed without notice. Licensee's argument must fail under *Duffey* and *Ahlborn* as well, a case factually similar to this case, in which the Supreme Court reinstated a ninety-day suspension of the licensee's operating privilege pursuant to Section 13(m). In *Ahlborn* licensee was charged with violating Section 13(a)(31)(i) of the Controlled Substance Act; pleaded guilty to the violation; was not informed by the trial court that suspension of his driver's license was mandatory; and was subsequently notified by DOT that his driving privilege would be suspended pursuant to Section 13(m).

DOT also contends that the trial court erred in its determination that a nexus must exist between the Controlled Substance Act violation and a motor vehicle to support the imposed penalty. In other words, the statute is not reasonably related to the legislature's interest in deterring drug use within the Commonwealth. A driver's license is a privilege, not a right, and is subject to the conditions that the legislature places upon that privilege. *Plowman v. Department of Trans-*

*portation, Bureau of Driver Licensing,* 535 Pa. 314, 635 A.2d 124 (1993); *Commonwealth v. Strunk,* 400 Pa.Superior Ct. 25, 582 A.2d 1326 (1990), *appeal denied,* 528 Pa. 630, 598 A.2d 283 (1991). To determine whether the requisite nexus exists between a violation of the Act and a motor vehicle, the Court must examine the legislation affecting the privilege under the two-part rational basis test—does the legislation promote a legitimate state interest or public value and is it reasonably related to accomplishing the articulated state interest. *Plowman; Strunk.*

█ As to the first prong of the test, there is little doubt that a legitimate state interest does in fact exist in deterring or protecting against the proliferation of drug use, and as to the second prong, it is enough that the legislation identifies the potential benefits to the citizens and provides a rational way to promote the state interest to be protected. *Plowman; Strunk.* Because a nexus exists between Wessel's violation of the Controlled Substance Act and suspension of his driving privilege, Wessel's challenge to the license suspension is rejected. More specifically, the trial court was presented with no case to support Wessel's proposition that his license could be suspended only for a violation directly related to the operation of his motor vehicle.

Accordingly, DOT acted pursuant to applicable law in suspending Licensee's driving privilege when notified that he pleaded guilty and was convicted of violating Section 13(a)(16) of the Controlled Substance Act. The trial court's order is therefore reversed and the license suspension is reinstated.

## ORDER

AND NOW, this 14th day of November, 1994, the order of the Court of Common Pleas of Cambria County is reversed and the suspension of Louis L. Wessel Jr.'s operating privilege by the Department of Transportation, Bureau of Driver Licensing, is hereby reinstated.