OPINION BY LAZARUS, J.: Britnee Rose Becker appeals from the order, entered in the Court of Common Pleas of Lehigh County, defying her petition for immediate parole. After careful review, we affirm. On April .15, 2016,, Becker pled guilty to theft, as a misdemeanor of the first degree,[1] for stealing a television. The trial court sentenced Becker- on the same.day to two years’ probation. Becker met with her probation officer on April 20, 2016 and April 22, 2016, who instructed her to report on April 25, 2016 for a urine test. Becker did not report and- absconded from supervision. As of April 22, 2016, Becker did not reside at a stable residence and was not in drug treatment. On May 5, 2016, police apprehended and incarcerated Becker for alleged violations of her probation. Following her apprehension, Becker admitted to using five bags of heroin daily, intravenously, and police found empty bags and needles in her possession. At this time, Becker was aware she was five months pregnant. On May 18, 2016, Becker appeared before the trial court for a Gagnon II[2] hearing, and the Lehigh County Adult Probation & Parole Department (“AP & P”) recommended that the trial couit resen-tence Becker to 4-23 months' imprisonment in the Lehigh County Jail with immediate parole upon going into labor. The trial court deferred sentencing until Becker received a drug and alcohol evaluation to determine whether she would qualify for inpatient treatment. The Gagnon II hearing was continued to June 8, 2016. The evaluation recommended Becker be admitted for short-term inpatient treatment, however, no beds were available. Concerned that she. would leave inpatient treatment and continue to use. heroin, the trial court revoked Becker’s probation and resentenced her to 4-23 months’ imprisonment, with immediate parole upon going into labor. On August 3, 2016, having met her minimum, but'not yet having gone into labor, Becker filed a petition for immediate parole, and a hearing was held on August 22, 2016. Becker’s’due date was September 8, 2016. While incarcerated, Becker had no misconducts and participated in ’treatment and counseling. Testimony also revealed that Becker had a stable address and family support. AP & P opposed Becker’s parole because of the risk that she may use heroin- while pregnant. The trial court shared similar concerns, among others, and denied Becker’s petition for parole. On August 24, 2016, Becker filed a timely notice of appeal. Both Becker and the trial court have complied with Pa.R.A.P. 1925. Becker raises the following issues for our review: 1. Whether the lower court violated [Becker’s] federal and state constitutional rights to due process, equal protection, and freedom from cruel and unusual punishment by refusing parole at her minimum sentence, although eligible, solely because she was pregnant and by ordering her to remain incarcerated until she went into labor for the safety of the [unborn child]? 2. Whether the lower court abused its discretion by refusing to parole defendant at her minimum sentence, although ■eligible, solely because she was pregnant and despite that she incurred no misconducts while incarcerated, was accepted into an inpatient rehabilitation facility she could have transferred to directly from jail, participated in jail'programs to address her addiction, and had an appropriate address in the community upon release? Brief of Appellant, at 5. Becker first claims that the denial of her parole was manifestly unreasonable, as she had incurred no misconducts during her incarceration, attended treatment and counseling, and had a stable address and family support, Becker’s claim is without avail. “Parole is, nothing more than a possibility, and, when granted, it is nothing more than a favor granted upon a prisoner by the state as a matter of grace and mercy shown by the Commonwealth to -a convict who has. demonstrated a probability of his ability to function as a law-abiding citizen insociety.” Weaver v. Pennsylvania Bd. of Prob. & Parole, 688 A.2d 766, 770 (Pa. Commw. Ct. 1997). When the court sentences an offender to a maximum term of imprisonment of less than two' years, the common pleas court retains authority to grant and revoke parole. 42 Pa. C.S.A. § 9776.[3] Commonwealth v. Finley, 135 A.3d 196, 199 (Pa. Super. 2016). When the defendant is eligible for parole, the trial court’s decision to grant parole is a discretionary act, and it is subject to appellate review under an abuse of discretion standard. Finley, 135 A.3d at 199 (citing Commonwealth v. Romolini, 384 Pa.Super. 117, 557 A.2d 1073, 1077 (1989)). “An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.” Commonwealth v. Allburn, 721 A.2d 363, 366 (Pa. Super. 1998) (citation omitted). Here, the record does not support Becker’s assertion that the denial of her parole was manifestly unreasonable. First, we note, Becker’s gender and concomitant pregnancy are incidental to her well-chronicled heroin addiction. As such, the basis of the Bécker’s parole denial, as stated by the trial court, was the substantial risk that she would use heroin, not her unique status. In coming to its decision, the trial court expressed concern for the health of Becker’s unborn child. However, the trial court did not discuss prisoner access to women’s healthcare, prenatal care, child welfare resources or other associated services that might indicate its decision was motivated entirely by Becker’s status. Rather, it focused on Becker’s prior use of heroin and the dangers it posed to her and others. Specifically, the trial court reiterated its concern with “[Becker] using drugs and ... harming herself’ and the potential for relapse. N.T. Parole Hearing, 8/22/16, at 7,15-17, 69 (“[S]he has a bad history [of heroin abuse][,] and history dictates when she gets out [of prison], she uses”). The trial court’s concerns are well founded. The trial court originally sentenced Becker to two years’ probation, during which she failed to comply with her probation requirements, did not seek drug treatment or counseling, did not maintain a stable residence and absconded from monitoring. N.T. Parole .Hearing, 8/22/16, at 49. See Weaver, 688 A.2d at 769 (grant of parole does not eliminate prisoner’s sentence, but instead, prisoner continues to serve sentence during which time she is subject of society’s rehabilitation efforts under supervision). While on probation, Becker admittedly used five (5) bags of heroin intravenously per day; her heroin use continued until May 5, 2016. See id. at 46. Thus, the trial court had to determine whether Becker’s approximately 31/2-month abstention from heroin use, incarceration and subsequent counseling and drug treatment mitigated the considerable risk that Becker would use heroin again and/or posed a public safety risk. See Plowman v. Commonwealth, Dept. of Transp., Bureau of Driver Licensing, 535 Pa. 314, 635 A.2d 124, 127 (1993) (Commonwealth has legitimate interest in preventing proliferation of drug use); see Wessel v. Commonwealth, Dept. of Transp., Bureau of Driver Licensing, 168 Pa.Cmwlth. 350, 650 A.2d 1135 (1994) (there is little doubt that legitimate state interest does in .fact exist in deterring or protecting against proliferation of drug use). In making this determination, the trial also considered Becker’s intent to move into an apartment with her fiancé, Chris Newcomber, and the presence of her and Newcomber’s family support structure. See N.T. Parole Hearing, 8/22/16, at 19, 34. However, weighing these factors against the potential for further heroin abuse and public safety, the trial court denied Becker’s petition for parole. After careful review, we discern no abuse of discretion by the trial court regarding the denial of Becker’s parole. Finley, supra.[4] Becker next claims that the trial court violated her substantive due process rights when it denied her parole based solely on her pregnancy.[5] Becker concedes that in Pennsylvania, “a prisoner has no absolute right to be released from prison on parole upon the expiration of the prisoner’s minimum term.” Rogers v. Pa. Bd. of Probation. & Parole, 555 Pa. 285, 724 A.2d 319, 324 n. 2 (1999). However, citing Block v. Potter, 631 F.2d 233, 235 (3rd Cir. 1980), Becker argues that the trial court based its denial of parole on factors she avers are unconstitutional and/or arbitrary, including gender, pregnancy and the safety of the unborn child. Becker’s argument merits no relief. In Block, the Third Circuit Court of Appeals determined that the Virgin Islands Board of Parole’s (“the Board”) denial of parole was inappropriate where the Board based its denial of parole on the fact that Block was educated, financially secure, and not black or Puerto Rican. Id. at 237. The Board believed harsher punishment was warranted where Block enjoyed exceptional socio-economic advantages. Id. at 238. The Third Circuit Court noted that, while it would not have been able to hear a procedural due process claim, as parole is not a constitutional right, once parole processes become available, “all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons.” Id. at 235-36. The Court found that the Board’s decision to deny parole because the petitioner “had so many more advantages in life than those who are. usually brought before the Virgin Island Courts,” was an arbitrary consideration. Id. at 237-38. Additionally, the Court determined the Board’s use of race to distinguish Block from common offenders was constitutionally impermissible and denied him both his due process right to be free from arbitrary government action and his right to equal protection. Id. at 241-42. Here, Becker asks us to determine whether the" trial court’s consideration of her gender, pregnancy and the health of the unborn child was, like in Block, an unconstitutional arbitrary government action. We decline to conduct such an analysis. On this issue, we find our Supreme Court’s decision in Rogers, supra, instructive. In Rogers, our Supreme Court was asked to decide if the Pennsylvania Board of Probation and Parole’s decision to deny parole , was one. of administrative discretion, and therefore, not subject to judicial review. Rogers, 724 A.2d at 320. See City of Philadelphia v. SEPTA, 937 A.2d 1176, 1178 (Pa. Cmwlth. 2007) (courts will not review actions, of administrative, tribunals that involve acts of discretion in the absence of bad faith, fraud, capricious action or abuse of power). Under the Administrative Agency Law,[6] a court can only review an action of a Commonwealth agency where its decision constitutes an adjudication. Rogers, 724 A.2d at 322. The Supreme Court found that the act- unambiguously defines adjudication to exclude parole decisions. Id. The Court also addressed the theory that parole decisions would be applicable for review under the Due Process Clause of the Fourteenth Amendment of the United States Constitution. The Court rejected this argument, as there was no precedent to support it Id. at 322-23. Additionally, the Supreme Court feared that holding otherwise would invite an appeal from every denial of parole, which would turn informal agency hearings into full-fledged adversarial proceedings. Id. at 323. The Court believed that such a result would violate the legislative intent of the Administrative Agency Law. Id. Unlike in Rogers, the Pennsylvania Board of Probation and Parole (“PB & P”) was not the entity that denied Becker parole, and thus, the Agency Review Act does not explicitly bar her claim from review.[7] Rather, the trial court denied Becker’s petition for parole pursuant to 42 Pa.C.S;A. § 9776. However, the rational of the Rogers court is instructive, and we similarly conclude that this Court is not obligated to review substantive due process claims arising from the denial of parole pursuant to section 9776. A-prisoner petitioning-for parole has no present liberty interests at stake -because of her state of incarceration. Rogers, 724 A.2d at 322. See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979) (citing Meachum v. Fano, 427 U.S. 215, 224, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) (“Given a valid conviction, the criminal defendant has been constitutionally deprived of his liberty.”). Moreover, if this Court were to examine Becker’s due process claim, then it would open the floodgates for petitioners to appeal similar issues to this Court under section 9776. Rogers, 724 A.2d at 323. It would seem that this is not a procedural step contemplated by the General Assembly in adopting section 9776. Id. (creation -of right to appellate review from'Parole Board decisions would defeat clearly stated intent of Legislature by inviting appeals from every denial of parole and by concomitantly extending constitutional protections that apply to parole revocations to parole denials as well). A finding to the contrary is also incompatible with the Administrative Agency Law, which controls the processes of the Pennsylvania Board of Probation and Parole, and thus, it would be inappropriate for this Court to examine Becker’s substantive due process claims raised in the context of the denial of parole.[8] Becker’s next claim on appeal is that the. trial court violated her equal protection rights by denying her petition for parole. Equal protection requires that “all persons similarly situated should be treated alike.” Cleburne v. Cleburne Living Center, 473 U.S. 432, 439, 106 S.Ct. 3249, 87 L.Ed.2d 313 (1985). Legislative classifications based on gender call for a heightened standard of review. See Bray v. Alexandria Women’s Health Clinic, 506 U.S. 263, 295, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993). However, the Supreme Court of the United. States has repeatedly held that we cannot reasonably presume opposition to abortion reflects an animus against women and/or pregnant women as a class. See Id. at 269-70, 113 S.Ct. 753; see also Newport News Shipbuilding & Dry Dock Co. v. EEOC, 462 U.S. 669, 103 S.Ct. 2622, 77 L.Ed.2d 89 (1983) (finding that discrimination based on pregnancy was discrimination based on gender only because Congress specifically intended it to be when it amended 42 U.S.C. § 2000e). “Where the challenged governmental action does not burden ‘fundamental’ or ‘important’ rights, and does not make a suspect classification or a quasi-suspect classification, it does not offend the Equal Protection Clause as long as it is rationally related to a legitimate governmental interest.” Small v. Horn, 554 Pa. 600, 722 A.2d 664, 672 (1998) (citations omitted). Furthermore, drug users are not a suspect or a quasi-suspect class. New York City Transit Authority v. Beazer, 440 U.S. 568, 592-93, 99 S.Ct. 1355, 59 L.Ed.2d 587 (1979). This argument affords Becker no relief. The trial court based its decision denying Becker’s petition for parole on her status as an incarcerated, pregnant heroin addict. The court’s action does not burden a fundamental or important right, nor is Becker’s status a suspect or quasi-suspect classification. Therefore, the trial court’s action need only pass a rational basis test. Small, 722 A.2d at 672. Our Supreme Court has defined the rational basis test as examining a law to find if it is “unreasonable, unduly oppressive or patently beyond the necessities of the ¡case, and the means which it employs must have a real and substantial relation to the objects sought to be attained.” Nixon, 839 A.2d at 286-87 (citation omitted). If it is not, then the discrimination is permissible under the Equal Protection Clause. Id. at 286. Here, we find protecting Becker’s unborn child was a legitimate governmental interest. Planned Parenthood, 505 U.S. at 846, 112 S.Ct. 2791. By denying Becker parole, the trial court ensured Becker could not use heroin and harm her unborn child. Denying parole until going into labor was reasonable, as the only other alternative was releasing Becker on parole. Therefore, there was. no equal protection violation. Becker’s last constitutional claim is that the denial of parole was a cruel and unusual punishment. As the trial court correctly stated, “parole is not a right in Pennsylvania, so the mere act of refusing parole cannot be cruel and unusual punishment.” Trial Court Opinion, 11/7/16, at 4 (citing Stewart v. Pennsylvania Bd. of Probation and Parole, 714 A.2d 502, 507 (Pa. Comwlth. 1998)). Therefore, this claim is meritless. Order affirmed. . 18 Pa.C.S.A. § 3903. . Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). . 42 Pa.C.S.A. § 9776 provides as follows: (a) General rule. — Except as otherwise provided under this chapter or if the Pennsylvania Board of Probation and Parole has exclusive parole jurisdiction, a court of this Commonwealth or other court of record having jurisdiction may, after due hearing, release on parole an inmate in the county correctional institution of that judicial district. (b) Petition required. — No inmate may be paroled under this section except on petition verified by the oath of the inmate or by the inmate’s representative and presented and filed in the court in which the inmate was convicted. (c) Hearing. — On presentation Of the petition, the court shall fix a day for the hearing. A copy of the petition shall be served on the district attorney and prosecutor in the case at least ten days before the day fixed for the hearing. Proof of service on the district attorney and the prosecutor shall be produced at the hearing. (d) Order. — After the hearing, the 'court shall make such order as it may deem just and proper. In case the court paroles the inmate, it shall place the inmate in the charge of and under the supervision of a designated probation officer. (e) Recommit. — The court may, on cause shown by the probation officer that the inmate has violated his parole, recommit and reparole the inmate in the same manner and by the same procedure as in the case of the original parole if, in the judgment of the court, there is a reasonable probability that the inmate will benefit by being paroled, The court may also recommit for violation of that parole. (f) Limitation.— (1) Subject to the provisions of paragraph (2), the power of a court to parole an inmate under this section shall extend for a period not to exceed the maximum sentence provided by law for the offense of which the inmate was convicted. (2), A court may release on parole, on petition to any .other court, an. inmate committed to a correctional institution by any magisterial district judge and shall have the same power to recommit an inmate paroled under this section. 42 Pa.C.S.A. § 9776. . In addition to the trial court’s scrutiny of Becker’s heroin addiction, the potential for relapse in heroin addicts, and public safety, the trial court also considered Becker’s heroin use during pregnancy and the many effects of heroin exposure to an unborn child. N.T. Parole Hearing, 8/22/16, at 66, 69. Given these considerations, it would not have been manifestly unreasonable for the trial court to deny parole in order to ensure the safety of Becker’s unborn child, nor is there any evidence such a decision would be based on partiality, bias or ill will. See Planned Parenthood v. Casey, 505 U.S. 833, 846, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992) (”[T]he State has legitimate interests from the outset of the pregnancy in protecting the health of the woman and the life of the fetus that may become a child.”). See also McCaskill v. Philadelphia Housing Authority, 419 Pa.Super. 313, 615 A.2d 382, 384 (1992) (following United States Supreme Court’s decision in Casey that viability occurs at 23-24 weeks). However, as the record reflects, the trial court is justified in denying Becker’s petition for parole solely because her habitual heroin abuse poses a danger to herself and the public. . Initially, we note that our findings with regard to Becker’s initial claim are incongruous with Becker’s position that the trial court denied her parole based solely on her pregnancy and/or status. . 2 Pa.C.S.A. § lOletseg. . We note that the AP & P is a department of the Court of Common Pleas of Lehigh County Criminal Court Division that is unaffiliated with the PB & P. . Substantive due process guarantees that certain inalienable rights will not be infringed. Nixon v. Commonwealth, 576 Pa. 385, 839 A.2d 277, 286 (2003) (citation omitted). Any infringement on a fundamental right, such as the right to procreate or the right to terminate pregnancy, must be narrowly tailored to a compelling state interest in order to be constitutional. Id. at 287. An infringement of an important, but not fundamental, right is subject to a rational basis test. Id. In this case, Becker claims that the trial court’s denial of parole was an infringement of her, fundamental right to make reproduction choices. However, the trial court did not prohibit Becker from making her choice, rior did it create- obstacles to make her decision more difficult. See Whalen v. Roe, 429 U.S. 589, 603, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977) (government action did not violate patients’ ability to make independent decision as to whether to take pharmaceuticals) (emphasis added). In denying Becker's petition for parole, the trial court did, not impose an -undue burden ori Becker's freedom of choice. See Planned Parenthood, 505 U.S. at 895, 112 S.Ct. 2791 (holding that statute which requires wife seeking abortion to inform husband before doing so was undue interference with women's rights). There is'no indication on the record,' nor does Becker argue, that the denial of Becker's petition for parole interfered with her access to reproductive health resources and/or other medical services. Rather, Becker admits that the judge's primary concern in denying parole- was to protect her unborn child. Britef of Appellant,'at 13. This was a legitimate use of the judge’s discretionary power to .deny parole. 42 Pa.,C,S,A. § 9776. Becker's inability to show the court’s decision was retaliation against Becker for exercising her fundament right defeats her due process claim. C.f. U.S. v. Goodwin, 457 U.S. 368, 372, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982) ("To punish a person because [she] has done what the law plainly allows [her] to do is a due process violation of the most basic sort.”).