J-A24014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JESSE PAJALICH | : | No. 374 EDA 2021 |

Appeal from the Order Entered February 4, 2021
In the Court of Common Pleas of Pike County Criminal Division at No(s):  CP-52-CR-0000188-2020

BEFORE:   LAZARUS, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED OCTOBER 22, 2021**

The Commonwealth of Pennsylvania appeals from the trial court's order granting Appellee, Jesse Pajalich, parole[1] and releasing him from the Pike County Correctional Facility.   After careful review, we vacate and remand.

Pajalich entered a negotiated guilty plea to one count each of terroristic threats (M-1)[2] and simple assault (M-2).[3]   On January 28, 2021, Pajalich was sentenced to serve 11-23 months' imprisonment, with 328 days

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] We note that an appeal of a parole revocation is not an appeal of the discretionary aspects of sentence.  ***Commonwealth v. Mitchell***, 632 A.2d 934, 936 (Pa. Super. 1993).

[2] 18 Pa.C.S. § 2706.

[3] 18 Pa.C.S. § 2701.

of credit for time served (from 3/6/20-1/27/21). After delivering its sentence, the trial court inquired into whether the department of probation/parole "intended that [Pajalich] be released on [i]mmediate [p]arole or . . . w[as] expecting a petition." *Id.* at 8. While Pajalich's parole officer stated that he thought "immediate parole would be appropriate subject to a verifiable and approvable home plan," the trial court specifically asked the Commonwealth if it had any objection. *Id.* In response, the Commonwealth specifically objected to releasing Pajalich on his minimum date and requested a hearing be held on any parole petition so that the victim could have a chance to be heard. *See* N.T. Sentencing, 1/28/21, at 8 ("Yes, [I object,] because this is a domestic matter[,] I believe that a [p]etition is prudent and a [h]earing is necessary in order to give the victim an opportunity to be heard, if in the event that she chooses to do so."). The trial judge then stated on the record, immediately prior to the end of the hearing:

> Okay, well given the fact that our [p]etition[] requirement is minimal, **I'm going to request that a** [p]**etition be filed and then[,] that way[,] as** [**the Assistant District Attorney**] **indicated[,] at least the Victim could be notified and the Commonwealth could be heard if need be on it**[. **S**]**o we'll handle it in that fashion.**

*Id.* at 9 (emphasis added; unnecessary capitalization omitted).

Just hours after being sentenced,[4] Pajalich filed a petition for parole averring that he "has served the aforementioned minimum [sentence] on or about February 6, 2021." Petition for Parole, 1/28/21, at ¶ 4. On February 4, 2021, the trial court entered an order granting Pajalich parole, effective February 5, 2021.[5] Upon receiving that order, the Commonwealth filed this timely appeal and a court-ordered Rule 1925(b) statement. On appeal, the Commonwealth raises the following issue for our consideration: "Whether the trial court erred by paroling [] Pajalich[] from the Pike County

---

[4] The trial court incorrectly states in its Pa.R.A.P. 1925(a) opinion that Pajalich filed his petition "immediately **prior** to sentencing." Trial Court Opinion, 4/12/21, at 1. The record reflects that the sentencing hearing commenced on January 28, 2021, at 9:07 a.m. and concluded at 9:19 a.m. The record also reveals that Pajalich's parole petition was filed on the afternoon of the 28th at 1:19 p.m.

[5] On February 4, 2021, Pike County Probation/Parole Officer Keith VanLouvender filed a report of his parole investigation into Pajalich, indicating that:

- Pajalich was sentenced on January 28, 2021, to serve 11-23 months' imprisonment, effective March 6, 2020;
- Pajalich's adjustment to prison has been satisfactory, having been cooperative and receiving no misconduct reports;
- a notice of parole application has been sent to Pike County Probation/Parole Department;
- the court has been advised that Pajalich has been approved for parole; and
- parole should be granted subject to conditions specified in court's proposed order where Pajalich has submitted an acceptable parole plan and he has reached his minimum date for release with no reported misconduct violations.

Order/Report of Parole Investigation, 4/4/21.

Correctional Facility without affording the Commonwealth at least 10 days to review the parole petition and without affording the Commonwealth an opportunity to be hear[d,] as per 42 Pa.C.S.A. § 9776(a) & (c)." Commonwealth's Brief, at 4.

The trial court's decision to grant or deny parole is a discretionary act, and it is subject to appellate review under an abuse of discretion standard. *See Commonwealth v. Becker*, 172 A.3d 35, 38-39 (Pa. Super. 2017). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill[-]will, as shown by the evidence or the record, discretion is abused." *Id.* at 39 (citation omitted).

Pursuant to section 9776 (Judicial Power to Release Inmates):

**(a) General rule.** — Except as otherwise provided under this chapter or if the Pennsylvania Board of Probation and Parole has exclusive parole jurisdiction, a court of this Commonwealth or other court of record having jurisdiction may, **after due hearing**, release on parole an inmate in the county correctional institution of that judicial district.

**(b) Petition required.** — No inmate may be paroled under this section except on petition verified by the oath of the inmate or by the inmate's representative and presented and filed in the court in which the inmate was convicted.

**(c) Hearing.** — On presentation of the petition, the court shall fix a day for the hearing. **A copy of the petition shall be**

> **served on the district attorney[6] and prosecutor in the case at least ten days before the day fixed for the hearing.** Proof of service on the district attorney and the prosecutor shall be produced at the hearing.

42 Pa.C.S. §§ 9776(a)-(c) (emphasis added).

Section 9776 clearly states that the trial court has the power to release an inmate on parole from a county prison "**after due hearing**." *Id.* at § 9776(a) (emphasis added). Moreover, a copy of a parole petition shall be served on the Commonwealth **at least 10 days before the day fixed for the hearing**." *Id.* at § 9776(c) (emphasis added). Thus, the statute unambiguously mandates, that before releasing an inmate on parole, a court must hold a hearing after an inmate files a parole petition, and the hearing shall be held no less than 10 days after the petition has been served on the Commonwealth.

Instantly, Pajalich filed his parole petition on January 28, 2021, and the court granted that petition seven days later on February 4, 2021. Thus, under section 9776, the trial court did not have the judicial power to release Pajalich the following day, on February 5, 2021, where the court granted the petition less than 10 days after it was filed, and, most notably, failed to hold a hearing. *Id.* at §§ 9776(a), (c).

---

[6] Pajalich's instant petition states that the District Attorney's Office "has received a copy of this [p]etition." Petition for Parole, 1/28/21, at ¶ 5. The Commonwealth does not dispute that it received a copy of the petition.

While the trial court "admits" its non-compliance with section 9776, it cites Pennsylvania Rule of Judicial Administration 1952(B)(2)[7] to support its decision to grant Pajalich's petition, stating that it is "confident that granting parole in this matter does not represent an abuse of discretion due to the judicial emergency issued in the 60th Judicial District caused by the COVID-19 pandemic."[8]  Trial Court Opinion, 4/12/21, at 3.  While the declaration of

_____

[7] Pursuant to Rule 1952(B)(2), "[i]f the Supreme Court authorizes the president judge to declare a judicial emergency in the judicial district, and unless limited by the Supreme Court, the president judge shall have the authority to . . .  **(b)** order the evacuation of court facilities[.]"  Pa.R.J.P. 1952(B)(2).

[8] On April 29, 2020, Pike County President Judge Gregory H. Chelak, who is also the trial judge in the instant case, extended the period of the COVID-19 local judicial emergency until **June 1, 2020** at 4:30 p.m.  **See** Administrative Order, 4/29/20, at ¶ 1.  While the order notes that the courts are "encouraged to conduct such court proceedings  . . . as reasonably as practicable with priority consideration given to the health and safety of the general public, parties, attorneys, court staff and county employees," **id.** at ¶ 2, it also states that "the Court **authorizes and encourages the use of advanced communication technology to conduct such court proceedings**[.]"  **Id.** at  3 (emphasis added).  Moreover, in the court's original memo outlining its policies, restrictions and/or mitigation strategies in response to the COVID-19 health emergency, nowhere is it mentioned that parole hearings were to be suspended or that such hearings would not take place as normal.  **See generally** Court of Common Pleas of Pike County Public Health Emergency Response—Coronavirus/COVID-19 Memorandum, 3/16/20.  Thus, we find it puzzling that the court would state that it had the discretion to disregard a statutorily-mandated hearing based on the pandemic where its administrative order "authorize[d] and encourage[d] a policy for virtual court proceedings" and where President Judge Chelak acknowledged in open court to the parties that the Commonwealth "could be heard."  **See infra** at 2.

a judicial emergency in light of the COVID-19 pandemic is, indeed, significant, we do not believe that the trial court was relieved of its statutory obligation to provide the Commonwealth an opportunity to be heard prior to releasing Pajalich on parole. To circumvent section 9776's statutory requirements, carefully crafted by the General Assembly, in light of these facts, is an abuse of judicial discretion. *See Patrick v. Commonwealth of PA Bd. of Probation & Parole*, 582 A.2d 487, 489 (Commw. Ct. 1987) (citing 61 P.S. § 314, predecessor to section 9776, and recognizing that "courts have no inherent right to grant paroles and that any power or authority to do so must come from the General Assembly"); *see also Commonwealth ex rel. Banks v. Cain*, 28 A.2d 897, 900 (Pa. 1942) ("The power to grant paroles is not inherent in courts.").

While the trial court's COVID-19 emergency order may have given the court of common pleas and municipal court the authority to hold virtual hearings or even to postpone them, it did not grant the trial court special power to parole an inmate without first complying with a required statutory hearing under section 9776. Thus, we disagree with the trial judge's statement that "granting parole in the instant matter was well within the **discretion** of the trial court, especially considering the Covid-19 pandemic and the judicial emergency declared in the 60th Judicial District." Trial Court Opinion, 4/14/21, at 5 (emphasis added).

Additionally, our decision today is based on the fact that the Commonwealth specifically objected to releasing Pajalich on his minimum

date, requested a hearing be held, and indicated that the victim might want to be heard on the petition. **See** N.T. Sentencing, 1/28/21, at 8. At a minimum, the court should have notified the parties if it was in the practice of "grant[ing] parole without the formality of a hearing." Trial Court Opinion, 4/12/21, at 4. However, contrary to that position, it told the parties at the conclusion of the sentencing hearing that the Commonwealth could be heard "if need be." **See** N.T. Sentencing, 1/28/21, at 9. In fact, it was the trial judge, himself, who requested that Pajalich file a parole petition so that the victim could be notified and the Commonwealth could be heard. **Id.**

Under such circumstances, we conclude that the trial court abused its discretion where it lacked the judicial power to release Pajalich because it did not afford the Commonwealth the opportunity to be heard at the statutorily-mandated hearing and did not allow the requisite 10-day period to elapse prior to ruling on the parole petition. **See Becker**, **supra**. Accordingly, we vacate the court's February 4, 2021 order and remand for a parole hearing in accordance with the dictates of this decision.

Order vacated. Case remanded for hearing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/22/2021</u>