J-S10036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHASITY LEE SMITH | : | |
| | : | |
| Appellant | : | No. 1350 MDA 2021 |

Appeal from the Order Entered September 20, 2021
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0007994-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHASITY LEE SMITH | : | |
| | : | |
| Appellant | : | No. 1351 MDA 2021 |

Appeal from the Order Entered September 20, 2021
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0003515-2018

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED JULY 29, 2022**

Chasity Lee Smith appeals from the order denying reparole.[1] Smith's

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The lower court's order followed a hearing on that issue. However, as will be more fully detailed *infra*, there is ambiguity in the record as to the specific nature and even the naming convention used to describe the hearing. **See Anders/Santiago** Brief, at 8 n.1 ("Despite the [Violation of Parole] court's
*(Footnote Continued Next Page)*

counsel has filed a petition seeking to withdraw his representation in conjunction with a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). After a thorough review of counsel's submissions as well as the record, we grant the petition to withdraw and affirm.

Briefly, Smith pleaded guilty, at two separate docket numbers, to forgery and receiving stolen property.[2] For these offenses, she received a concurrent sentence of time served to twenty-three months of incarceration to be followed by three years of probation.

_____

labeling of [the] hearing as a 'reconsideration of sentence' hearing, this was a reparole hearing."). Moreover, the court's statements filed with this Court pursuant to Pennsylvania Rule of Appellate Procedure 1925(a) describe a different order that it believes Smith has appealed from, the order denying her motion for reconsideration of her sentence, entered on October 1, 2021, **see** Trial Court's 1925(a) Statement, 11/23/21, at 1 (unpaginated) (one statement at each docket number), whereas the thrust of Smith's **Anders**/**Santiago** brief challenges the reparole decision made on September 20, 2021. The appealed from orders of record simply state: "sentence remains as imposed." Violation Order, 9/20/21, at 1 (unpaginated) (one order at each docket number).

At the September 20 hearing, Smith's counsel unambiguously asked the court for her to be reparoled. **See** Hearing, 9/20/21, at 3. The court remarked later in that hearing: "[s]he's been sentenced. The question is whether she has the opportunity for parole." **Id**., at 10. However, the court also "decline[d] to change the sentences last imposed[.]" **Id**., at 13.

Even more broadly, while Smith's counsel has submitted that the determination on September 20 constitutes a judgment of sentence, it seems that such a determination would more likely be regarded as, quite simply, an appealable order. **See** 42 Pa.C.S.A. § 9776 (outlining the judicial procedure for parole/reparole). We have amended the caption accordingly.

[2] **See** 18 Pa.C.S.A. § 4101(a)(2), and 18 Pa.C.S.A. § 3925(a), respectively.

- 2 -

As recounted in the ***Anders***/***Santiago*** brief, which includes a somewhat complicated procedural history:

> On May 9, 2019, [approximately eleven months after the initial sentencing, Smith] was sentenced to the unserved balance of 584 days to be paroled 120 days in York County Prison on docket CR-7994-2017 [forgery], and was given a sentence of the unserved balance of 647 days to be paroled forthwith on docket CR-3515-2018 [receiving stolen property]. Early release was granted to inpatient treatment on May 22, 2019.
>
> On this violation[, Smith] received 63 days credit on CR-7994-2017 and 50 days credit on CR-3515-2018.
>
> On September 10, 2020, [Smith] was found to be in violation of her parole for a second time and sentenced to the unserved balance of 521 days to be paroled forthwith on docket CR-7994-2017, and was given a sentence of the unserved balance of 597 days to be paroled after 120 days of incarceration on docket CR-3515-2018. Early release was granted to inpatient treatment on October 7, 2020.
>
> On this violation[, Smith] received 57 days credit on CR-7994-2017 and 84 days credit on CR-3515-2018.
>
> *                            *                            *
>
> On April 26, 2021, the Violation of Parole (VOP) court revoked [Smith's] parole in each case, for a third time, and resentenced her to the unserved balance in each case. At the time of this sentencing[, Smith] had an unserved balance of 464 days on CR-7994-2017 and an unserved balance of 513 days on CR-3515-2018.
>
> The VOP court found … Smith to be in violation based on her attorney's admission of the violations which were based on his consultation with …Smith, the statements put forth by … Smith's parole officer regarding the facts put forth in the Petition for Parole Violation, and its determination that … Smith's explanation for her violations were incredible.

The Petition alleged … Smith violated her parole for failing to report, possessing/consuming illegal drugs, moving without permission, failure to pay restitution, and violating a special condition mandating treatment for drug use. The [P]etition essentially lists the events from October []7, 2020, when … Smith was released from York County Prison to Cove Forge [T]reatment [F]acility for inpatient treatment, to November 18, 2020, when the parole officer determined … Smith had absconded from parole. The [P]etition alleged on October 19, 2020, the parole officer received a call from … Smith's counselor at Cove Forge stating that … Smith was going to be unsuccessfully discharged from treatment due to behavioral issues. … Smith was then transported on October 24, 2020, to New Life Sober Living Recovery House. On October 27, 2020, … Smith informed her parole officer that she was tested for Covid-19 and told her she could not return to the recovery house until the results returned. … Smith was residing in a Motel 6 in York, Pennsylvania, until the results returned, and her parole officer told her to keep her advised of the results. On November []2, 2020, according to the parole officer's [P]etition, … Smith informed the parole officer that she would not be returning to the recovery house and admitted to using methamphetamines on October 29, 2020. After that[,] … Smith's contact with the parole officer became increasingly sporadic until the parole officer finally determined … Smith had absconded. The parole officer testified and substantially corroborated the Petition.

After … Smith gave her explanations for failing to successfully engage in treatment, the VOP court explained that it did not find her credible given the parole officer's report and the history of … Smith's case, which had prior violations. The VOP sentenced her to serve the remainder of her sentence in York County Prison.

\*                                    \*                                    \*

On July 12, 2021, … Smith filed a Post[]Conviction Relief Act (PCRA) petition in order to get her post-sentence and appeal rights reinstated from the April 26, 2021 hearing. On August 31, 2021, the VOP court held a hearing on the PCRA [petition], denied the PCRA petition, based on counsel's withdrawal of the petition, and granted … Smith a reconsideration of sentence hearing. On September 15, 2021, … Smith filed a brief in support of reparole in advance of her hearing. On September 20, 2021, the VOP court held a hearing to reconsider … Smith's parole. At the hearing[,] … Smith argued, based on the brief, that she should be reparoled

because the prior violation, which was based largely on her absconding from treatment and continued drug use, was due to her medical issues and the extreme stress she was facing from those medical issues, and not because she did not want to engage in treatment. She argued that she should be reparoled to reengage in treatment prior to fully completing her sentence. The Commonwealth countered that she had not adjusted well while in York County Prison and should not be paroled. The parole officer stated that she believed that short of drug treatment court, … Smith would likely not succeed in treatment, and that … Smith had repeatedly refused drug treatment court. The VOP court reaffirmed its earlier finding of violation and did not reparole … Smith.

After this hearing, counsel filed a motion for reconsideration of sentence and a motion to withdraw appearance on September 29, 2021. On October 1, 2021, the VOP court denied both motions by written order, without a hearing.

*Anders*/*Santiago* Brief, at 5-9 (citations to the record and footnotes omitted).

After filing notices of appeal, Smith's counsel elected to submit a statement of intent to file an *Anders*/*Santiago* brief rather than a statement of errors complained of on appeal. Correspondingly, because Smith's counsel never filed a statement of errors complained of on appeal, the lower court did not issue a substantive responsive opinion.[3]

In that *Anders*/*Santiago* brief, after concluding that there were no nonfrivolous appellate issues, Smith's counsel provided an overview of the procedural history of the case, replicated *supra*, a discussion of Smith's right

_____

[3] The Commonwealth submitted a letter to this Court in lieu of a brief wherein it agreed with Smith's counsel that any appeal in this matter would be frivolous.

to counsel in a letter specifically sent to her, and also presented two potentially arguable, yet ultimately frivolous, issues. To that end, we note that Smith has filed no further submissions, either *pro se* or through privately retained counsel.

Before, *inter alia*, addressing those two issues raised by counsel, we must first resolve the outstanding petition to withdraw. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). If there is substantial compliance with the dictates of **Anders** and **Santiago**, we will concurrently address the issues raised in the **Anders** brief as well as conduct an independent examination of the record to determine those claims' viability. **See id**.

> **Anders** requires counsel to:
>
> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to [the] defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the court.

**Commonwealth v. Burwell**, 42 A.3d 1077, 1083 (Pa. Super. 2011) (citation omitted). In addition, our Supreme Court has mandated that an **Anders** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state

- 6 -

counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

If those aforementioned requirements have been met, "it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Goodwin*, 928 A.2d at 291 (citation omitted). Equally, we must independently assess the record "to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citation and footnote omitted).

We find that there has been substantial compliance with the technical requirements of *Anders* and *Santiago*. *See Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa. Super. 2007) (requiring substantial compliance to satisfy *Anders*). After scouring the record, counsel concluded that any appeal would be frivolous and filed a petition to withdraw as counsel. In the corresponding *Anders*/*Santiago* brief, counsel provided both a factual and procedural history of this case. Counsel then went on to highlight potentially appealable areas and provided complete discussions, replete with authority, as to why those issues would fail should they be subject to appellate review.

In addition, the record demonstrates that not only did counsel provide Smith with a copy of the *Anders*/*Santiago* brief and petition to withdraw, but counsel unambiguously made it known to Smith that she had a right to retain

new counsel, proceed *pro se*, or file an additional brief containing other potentially meritorious claims. *See, e.g*., **Anders**/**Santiago** Brief, Appendix D, Group Ex. A. Accordingly, as the requirements for withdrawing from representation have been met, we proceed to an examination of the record to ascertain the frivolousness of this appeal.

In counsel's first issue, there is discussion as to whether the VOP court erred when it did not reparole Smith, which is predicated on an abuse of discretion analysis. The **Anders**/**Santiago** brief outlines that Smith's third parole violation included her breaking of five different conditions. **See Anders**/**Santiago** Brief, at 12 (enumerating the violations as: "failure to report, possession/consumption of illegal drugs, moving without permission, failure to pay restitution, and the special condition of complying with treatment[]"). At the corresponding hearing, Smith's counsel admitted on Smith's behalf that she violated those conditions. Smith explained, to varying degrees, why she engaged in violative behavior.

First, we emphasize that

> [p]arole is nothing more than a possibility, and, when granted, it is nothing more than a favor granted upon a prisoner by the state as a matter of grace and mercy shown by the Commonwealth to a convict who has previously demonstrated a probability of [her] ability to function as a law-abiding citizen in society.

**Weaver v. Pennsylvania Board of Probation & Parole**, 688 A.2d 766, 770 (Pa. Commw. Ct. 1997). Denial of parole is a discretionary act, which therefore means it is subject to review from this Court under an abuse of discretion

standard. *See Commonwealth v. Becker*, 172 A.3d 35, 38-39 (Pa. Super. 2017). To that point, we apply the well-settled principles underpinning abuse of discretion: "[a]n abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill[-]will, as shown by the evidence or the record, discretion is abused." *Id*., at 39 (citation omitted).

Specifically in the context of this case, "[a]fter recommitting the parolee, the court retains the power to grant reparole. The grant to parole or reparole is subject to the court's discretion as to what 'may seem just and proper.'" *Commonwealth v. Fair*, 497 A.2d 643, 645 (Pa. Super. 1985).

At the reparole hearing, the court heard detailed testimony from Smith, her counsel, the Commonwealth, and probation officers about whether or not reparole was warranted. *See* Hearing, 9/20/21, at 12 ("We've listened to what [Smith] has had to say. We've listened to what her lawyers had to say. We've listened to what the Commonwealth and the probation officers had to say. We've had our say. We've told [Smith] exactly how we feel). The court then continued: "[n]onetheless, while we decline to change the sentences last imposed and we hereby affirm those, we will hold open the possibility for [Smith] that if her probation or parole officer sees fit, she may initiate a petition to have the [c]ourt consider reparole on [her] in these cases." *Id*., at 13. In making its determination, the court, well-apprised of Smith's history

and involvement in the court system, remarked: "the truth of the matter is [Smith's] been given all sort of resources. None of them suit her. And I guess what she doesn't understand is this really isn't a matter of negotiating with her." *Id*., at 10.

We are unable to discern any abuse of discretion in the court's denial of reparole. The court heard from and considered all of the relevant parties in making its determination, gave Smith ample time to speak on her own behalf, and came to a discretionary conclusion, based on the information that it received. As such, any appeal on this basis would have been frivolous.

In counsel's second issue presented, the applicability of this Court's decision in *Commonwealth v. Koger*, 255 A.3d 1285 (Pa. Super. 2021), is raised given that "[t]he specific parole conditions alleged to have been violated by … Smith, during her third parole violation, were not ordered by the court at the time of her original sentencing." *Anders*/*Santiago* Brief, at 13. In *Koger*, we held that "a sentencing court may not delegate its statutorily proscribed duties to probation and parole offices and is required to communicate any conditions of probation or parole as a prerequisite to violating any such condition." 255 A.3d at 1291. The lower court's failure to do so in *Koger* resulted in a reversal of probation and parole revocation and a vacation of the VOP judgment of sentence.

Preliminarily, it is not entirely clear how, precisely, Smith could raise a challenge under *Koger* if the basis for the present appeal is limited to a

determination as to whether reparole was warranted. Unlike what happened here, **Koger** deals with an appeal from a judgment of sentence imposed following a second parole revocation. **See id**., at 1287. However, in any event, we agree with counsel that **Koger** is inapplicable.

On at least two occasions, Smith was apprised, via orders of court, as to several of the conditions that would later be asserted against her at the third VOP hearing. **See** Order, 5/9/20 (specifically ordering, *inter alia*, drug and alcohol treatment as well as payment of restitution); Order, 9/10/20 (including, materially, the same conditions). The third VOP hearing dealt with "numerous allegations, failure to report, possession and consumption of illegal drugs, moving without permission, violation of special conditions and failure to pay." Violation of Parole Hearing, 4/26/21, at 2. Immediately thereafter, Smith's counsel conveyed to the court that "she admit[ed] the violations[.]" **Id**., at 3. Later in that hearing, after finding that Smith violated the conditions of her parole, the court sentenced her to the unserved balances remaining in both of her cases concurrently resulting in a sentence of 513 days "without the possibility of parole." **Id.,** at 13.

As the court implicitly "found [Smith] to be in violation of conditions that were added by the court at her first and second violations[,]" **Anders**/**Santiago** Brief, at 15, **Koger** does not apply. Whereas **Koger** deals with the imposition of conditions exclusively from a probation/parole office instead of proper origination of those conditions coming from the court, here,

- 11 -

the court specifically advised Smith, via a written order, of conditions that she would later be found to have violated. As the court specifically advised Smith of at least some of her parole's conditions, any appeal predicated on **Koger** would have been unmeritorious.

Stated succinctly, we agree with counsel that the legal bases advanced in support of an appeal lack legitimacy and are therefore frivolous. Furthermore, an independent review of the record did not uncover any other non-frivolous issues. **See, e.g.**, **Goodwin**, 928 A.2d at 291. As such, we are constrained to affirm the order denying reparole as well as grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted.

Judge Murray joins the Memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/29/2022