J-S34038-23

2023 PA Super 216

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYLER BLAINE RALING | : | |
| | : | |
| Appellant | : | No. 1430 WDA 2022 |

Appeal from the Order Entered November 3, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at CP-02-CR-0006296-2021

BEFORE:  LAZARUS, J., STABILE, J., and MURRAY, J.

OPINION BY MURRAY, J.:                    **FILED: OCTOBER 26, 2023**

Tyler Blaine Raling (Appellant) appeals from the order denying his motion for parole, entered after the trial court's retention of parole jurisdiction.[1]  We affirm.

---

[1] An order denying a motion for parole is appealable as a final order under Pa.R.A.P. 341.  **See Commonwealth v. Becker**, 172 A.3d 35, 37 (Pa. Super. 2017) (affirming trial court's order "denying [appellant's] petition for immediate parole."); **see also** 75 Pa.C.S.A. § 3815 (governing mandatory sentencing and the power of a sentencing judge to parole offenders sentenced to incarceration in a county jail for driving under the influence (DUI)); **Commonwealth v. McDermott**, 547 A.2d 1236, 1239 (Pa. Super. 1988) ("When an offender is sentenced to a maximum term of imprisonment of less than two years, the common pleas court retains authority to grant and revoke parole….").

Appellant had pled guilty to DUI (controlled substance)[2] and possession of a controlled substance.[3] The trial court detailed the underlying facts as follows:

Officers of the City of Pittsburgh Police Department were dispatched to the intersection of PJ McArdle Roadway at the Liberty Bridge at 5:30 p.m. [on February 16, 2022,] for a report of a driver slumped over the wheel of his vehicle. When officers arrived on scene, they observed [Appellant] stopped at the red [traffic signal] at the intersection[,] slumped over the wheel. [Appellant] abruptly woke up after being initially unresponsive. [The officers] determined that [Appellant] had an outstanding warrant from Westmoreland County for a parole violation[. The officers performed] a search incident to arrest [of Appellant's person. The search revealed Appellant was] in possession of twelve (12) stamp bags of heroin and a hypodermic syringe. [Appellant] was transported to UPMC Mercy hospital[,] where standardized field sobriety tests were given[. Appellant] later consented to a blood draw [at the hospital]. [Appellant's] blood was turned over to the Allegheny County Crime Lab for testing[. The test] yielded positive results for cocaine, fentanyl and cannabinoids.

Prior to this arrest, [Appellant] had been charged in a separate case with two (2) counts of [DUI,] … along with various motor vehicle violations in Butler County.

[Appellant] had completed his [Court Reporting Network (CRN)[4]] evaluation on January 25, 2022[. Appellant completed] his drug and alcohol assessment through Mercy Behavioral Health on January 26, 2022, which deemed [Appellant] in need of [a] "higher level of care." When [Appellant] appeared before th[e trial] court on August 18, 2022 [(plea/sentencing hearing)], he had pled guilty and was sentenced in Butler County on [the above

---

[2] 75 Pa.C.S.A. § 3802(d)(1).

[3] 35 P.S. § 780-113(a)(16).

[4] *See* 75 Pa.C.S.A. § 3816(a) (governing CRN evaluation).

DUI] … charge[,] which resulted in the instant case becoming [Appellant's] third [DUI] offense and graded as a felony of the [third] degree. [On August 18, 2022, Appellant] pled guilty to … [DUI. The trial court immediately] sentenced [Appellant[5]] to a period of one (1) to seven (7) years of incarceration to be served in the Allegheny County Jail[,] with permission for alternative housing and with th[e trial] court retaining parole jurisdiction. [**See McDermott**, **supra**. Appellant] was further sentenced at [his conviction of] possession of a controlled substance … to a period of eighteen (18) months' probation[,] to run concurrently to the sentence imposed [on Appellant's DUI conviction].[1] [Appellant did not file post-sentence motions or an appeal.]

> [1] [Appellant] was given credit for time served of a total of 394 days. [Appellant's] minimum sentence expired July 20, 2022.

Parole petitions [regarding Appellant] were submitted by the Allegheny County Jail on August 29, 2022 and September 23, 2022, both of which [did] not recommend[] parole due to [Appellant's] various [jail] infractions[. The trial court found] the most serious [infraction of Appellant his] "being in possession of major contraband (an illegal drug-controlled substance or narcotic)." [Appellant], through counsel, filed a petition for parole on September 30, 2022, which was [] denied by th[e trial] court on November [3], 2022.

Trial Court Opinion, 2/15/23, at 1-3 (unnumbered) (one footnote in original;

_____

[5] As discussed further below, prior to sentencing, the defense made an oral motion for immediate parole, emphasizing that Appellant's minimum sentence had expired before sentencing. N.T., 8/18/22, at 10. The trial court denied the motion. **Id.** at 12, 21-22.

- 3 -

two footnotes added; some capitalization and citations modified).[6]

On December 2, 2022, Appellant filed a notice of appeal. On April 26, 2023, this Court issued a rule on Appellant to show cause (RTSC) why we should not quash the appeal as untimely filed. RTSC, 4/26/23, at 2 (observing Appellant filed the notice of appeal more than 30 days after the trial court's November 3, 2022 order, and citing Pa.R.Crim.P. 720(A)(3) ("If the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence")).

Appellant filed a response stating he

is not appealing from []his judgment of sentence. He is not seeking to withdraw or somehow change his plea, nor is he appealing the sentence imposed. Rather, his appeal solely concerns the order [entered] November [3], 2022,[7] which denied

_____

[6] The trial court also explained:

On October 13, 2022, [Appellant] was transferred to alternative housing "Passages to Recovery[." That same date,] a subsequent parole petition filed by the Allegheny County Jail indicated [Appellant] had begun various treatment goals, had zero [jail] misconducts and parole was not being recommended as [Appellant] had "not yet completed his treatment goals." [Appellant's] parole was again denied on November 16, 2022. On January 13, 2023, [Appellant] was returned to the Allegheny [County] Jail from Passages to Recovery for admission to substance abuse [counseling] and diverting medication.

Trial Court Opinion, 2/15/23, at 3 (unnumbered). Appellant did not appeal the November 16, 2022, order.

[7] Appellant filed an amended notice of appeal in this Court on April 27, 2023. Appellant clarified that he is appealing the November 3, 2022 order denying his motion for parole. Amended Notice of Appeal, 4/27/23.

[Appellant's] counselled motion for parole filed on September 30, 2022. We thus believe that the appeal is currently properly before this Court.

Response to RTSC, 4/27/23, at 2 (footnote added; emphasis omitted; some capitalization modified). On May 5, 2023, this Court discharged the RTSC and referred the matter to the merits panel.

Appellant presents a single issue:

1. Did the trial court err by denying [Appellant's] request for parole after completion of his minimum sentence because he had not yet completed treatment for his drug and/or alcohol addiction?

Appellant's Brief at 4.[8]

Preliminarily, Appellant states he

is not challenging the ultimate determination of whether he was entitled to parole on the basis of [Appellant's] motion denied by the November [3, 2022, o]rder. Instead, [Appellant] is appealing the trial court's determination that parole was *statutorily not available* to [Appellant] until he had completed drug and alcohol treatment. This is an incorrect statement of the law pertaining to the availability of parole.

Appellant's Brief at 15 (italics in original). Appellant maintains his issue presents a question of law, to which appellate courts apply a *de novo* standard of review and a plenary scope of review. **Id.** at 3 (citing **Commonwealth v. Finley**, 135 A.3d 196, 199 (Pa. Super. 2016) ("an examination of the requirements for sentences of total confinement and parole eligibility set forth in 42 Pa.C.S. § 9756 … [implicates] statutory interpretation, which is a

_____

[8] Appellant and the trial court have complied with Pa.R.A.P. 1925.

question of law. Accordingly, as with all questions of law, our scope of review is plenary and our standard of review is *de novo*.")).

The Commonwealth counters that this Court must apply an abuse of discretion standard of review:

> Appellant did not appeal the trial court's decision to deny him parole at the [plea/sentencing hearing] on August 18, 2022, which is the proceeding where the disputed statements by the trial court regarding [Appellant's] eligibility for parole were made. Instead, Appellant is challenging the basis for the November [3, 2022,] order, which the record establishes was a discretionary decision made by the trial court after several subsequent parole petitions were filed that included information about Appellant's progress in the Allegheny County Jail.

Commonwealth Brief at 10 n.2 (some capitalization modified); *see also id.* at 2. We agree.

We review Appellant's claim for an abuse of discretion. **Becker**, 172 A.3d at 39 ("When the defendant is eligible for parole, the trial court's decision to [deny or] grant parole is a discretionary act, and it is subject to appellate review under an abuse of discretion standard." (citation omitted)).

> An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record, discretion is abused.

***Commonwealth v. Jackson***, 283 A.3d 814, 817 (Pa. Super. 2022) (citation and brackets omitted).

Furthermore:

> Parole is nothing more than a possibility, and, when granted, it is nothing more than a favor granted upon a prisoner by the state

- 6 -

as a matter of grace and mercy shown by the Commonwealth to a convict who has demonstrated a probability of his ability to function as a law-abiding citizen in society.

**Becker**, 172 A.3d at 38-39 (citation omitted).

Appellant claims the trial court erred in determining at the plea/sentencing hearing,[9] that he was not statutorily eligible for parole because he did not complete court-ordered drug and alcohol treatment. **See** Appellant's Brief at 9-29; **see also** N.T., 8/18/22, at 12, 21-22 (trial court denying Appellant's oral motion for parole). Appellant cites 75 Pa.C.S.A. § 3815, which provides:

---

[9] The following exchange occurred between the trial court and Appellant's counsel:

[Counsel]: … [The defense is] asking for a sentence today of one to seven years, credit for time served, and we're ultimately asking Your Honor to parole [Appellant] forthwith. …

THE COURT: I can tell you I can parole [Appellant] per the statute, when I get papers that show that he's completed. The statute is very specific, the conditions under which someone can be paroled. But if he meets that, I can parole him.

\* \* \*

[Counsel]: [Appellant has] asked if he's going to be able to leave to [*sic*] Westmoreland County. That's correct; right? He's paroled on this case?

THE COURT: No, he's not paroled on this case. I can only parole him per the statute.

N.T., 8/18/22, at 10, 22 (although the trial court did not identify "the statute," it appears the court was referencing 75 Pa.C.S.A. § 3815, which we discuss below).

> An offender who is determined pursuant to section 3814 (relating to drug and alcohol assessments) to be in need of drug and alcohol treatment shall be eligible for parole in accordance with the terms and conditions prescribed in this section **following the expiration of the offender's mandatory minimum term of imprisonment**.

*Id.* § 3815(b)(1) (emphasis added); Appellant's Brief at 18-19, 21; Appellant's Reply Brief at 4.[10]

> Appellant concedes a sentencing court

> may not be inclined to grant parole if a defendant is in the throes of drug and alcohol addiction and treatment; the court may find that parole is not in the defendant's best interests and deny the request. But that doesn't mean that it has no authority to even consider the notion.

Appellant's Brief at 3-4.

> To the contrary, the Commonwealth asserts,

> even if one were to assume for the sake of argument that Appellant were correct that the trial court[] misapprehended the law concerning his technical eligibility for parole at the August 18, 2022[, plea/sentencing hearing], Appellant's claim nevertheless fails because the subsequent proceedings belie Appellant's argument on appeal about why he was denied parole on November [3], 2022. In that regard, the trial court's order denying [Appellant] parole … and the trial court's subsequent opinion for this appeal articulated reasons for denying Appellant's [motion for] parole that were completely within the trial court's discretion and not the sole product of a misinterpretation of the law, as Appellant now argues in his brief.

Commonwealth Brief at 14. Again, we agree.

---

[10] In his reply brief, Appellant states that "as of the date of writing this reply brief, [Appellant] has been granted parole." Appellant's Reply Brief at 3 (filed August 21, 2023).

- 8 -

As the trial court explained:

This court[,] recognizing the limits available for sentencing purposes if [Appellant] were to violate the terms of his parole or to reoffend[,] believes it to be in [Appellant's] best interest to complete treatment afforded to him while incarcerated and be recommended for parole. This court recognizes that a sentencing judge that has retained jurisdiction **may** grant parole under [75 Pa.C.S.A.] § 3815 when an offender is **eligible** following the expiration of the offender's mandatory minimum term of imprisonment.

[Appellant] received the minimum sentence, was given credit for the same time credited to the case in Butler County and was upset when this court would not [grant his oral motion to] parole him forthwith at the time of sentencing. This court will not grant parole except upon written petition. 42 Pa.C.S. § 9776 [("No inmate may be paroled under this section except on petition … **filed in the court** in which the inmate was convicted." *Id.* § 9776(b) (emphasis added)).] [Appellant] is thirty (30) years old and at the time of the two (2) pending [DUI] charges (both in Allegheny and Butler Counties), had nineteen (19) prior convictions for various drug and drug[-]related offenses[. Appellant also] had numerous probation and parole violations in multiple counties. [Appellant] has not been able to meet his treatment goals, follow rules, or abstain from abusing drugs while in the Allegheny County Jail and in alternative housing.

Trial Court Opinion, 2/15/23, at 2-3 (unnumbered) (emphasis in original).

The trial court's reasoning is supported by the record and the law.

Accordingly, the trial court did not err in denying Appellant's motion for parole.

Order affirmed.

Judge Lazarus joins the opinion.

Judge Stabile concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/26/2023