J-S14025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:                 PENNSYLVANIA
:
v.                                       :
:
:
:
ANTHONY M. HELFERTY                       :
:
            Appellant                    :     No. 1730 EDA 2024

Appeal from the Order Entered May 24, 2024
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0000572-2019

BEFORE:   DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BECK, J.:                              **FILED JULY 22, 2025**

Anthony M. Helferty ("Helferty") appeals pro se from the order entered by the Chester County Court of Common Pleas ("trial court") denying his petition for parole.[1]  Helferty claims that the trial court erred in admitting certain evidence at the hearing on his petition and challenges the legality of his sentence.  We affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] ***See Commonwealth v. Raling***, 305 A.3d 111, 112 n.1 (Pa. Super. 2023) (stating that when an offender is sentenced to a maximum term of imprisonment of less than two years, the common pleas court retains authority to grant and revoke parole) (citation omitted).

On September 19, 2019, Helferty entered a counseled negotiated plea agreement to one count of intimidation of a witness.[2] The trial court sentenced him to two years of probation, to be served consecutively to the sentence imposed on the first witness intimidation docket.[3] Helferty's sentence prohibited him from having any contact with the Victim.

On September 21, 2022, the trial court found Helferty in violation of his probation[4] and resentenced him to two years of probation. Helferty's conditions of supervision included, among other things, having no contact with the Victim.

_____

[2] 18 Pa.C.S. § 4952(a)(2). The criminal information charged Helferty with three counts of witness intimidation and nineteen counts of criminal use of a communication facility, 18 Pa.C.S. § 7512(a). The record reflects that at the time Helferty entered his written guilty plea colloquy in the instant case, he simultaneously entered a written guilty plea colloquy on two other dockets. Written Guilty Plea Colloquy, 9/12/2019, at 1-2. At docket number CP-15-CR-0000010-2019 ("assault docket"), he pled guilty to simple assault and recklessly endangering another person, 18 Pa.C.S. §§ 2701(a)(1), 2705. *Id.* at 1. At docket number CP-15-CR-0000100-2019 ("first witness intimidation docket"), he pled guilty to intimidating a witness, 18 Pa.C.S. § 4952(a)(2). *Id.* at 2. All three dockets involved Helferty's paramour, B.P. ("the Victim").

[3] The negotiated plea agreement included the following sentences: (1) on the first witness intimidation docket, eleven and one-half to twenty-three months of incarceration, with credit for time served; and (2) on the assault docket, two years of probation for each charge to run consecutively to each other and to the instant docket. Written Guilty Plea Colloquy, 9/12/2019, at 3-4. On all three dockets, the conditions included, among other things, having no contact with the Victim. *Id.*

[4] Helferty left the Commonwealth without permission, was arrested on new criminal charges, and made contact with the Victim. *See* Petition, 11/16/2021, ¶ 3; *see also* Violation Hearing Report, 1/6/2022, ¶¶ 1, 3-4; Trial Court Order, 8/23/2022, at 1 (unpaginated).

On May 3, 2023, the trial court again found Helferty in violation of his probation[5] and sentenced him to six to twenty-three months of incarceration, with credit for time served, and ordered as a condition of supervision that he have no contact with the Victim. The court immediately paroled him. Helferty did not file an appeal.

On November 21, 2023, the trial court found Helferty in violation of his parole[6] and revoked his parole. The court recommitted him to serve the balance of his maximum sentence with credit for time served, and reimposed the same conditions, including that he not have any contact with the Victim.

Helferty filed a notice of appeal but discontinued the appeal on March 13, 2024.[7] On March 15, 2024, Helferty filed a pro se petition for parole, which is the subject of this appeal. At the April 24, 2024 hearing on his petition, Helferty argued, inter alia, that he should be paroled because he had been sufficiently punished, served more than the minimum term of his sentence, had a satisfactory prison record, completed mental health treatment

---

[5] Helferty contacted the Victim via text message on multiple occasions over an approximately three and one-half month period. *See* Petition, 4/5/2023; *see also* Violation Hearing Report, 4/14/2023, ¶¶ 1, 3.

[6] Helferty was represented by counsel at the hearing; he admitted to the parole violation of contacting the Victim on multiple occasions in August, September, and November 2023. *See* N.T., 11/21/2023, at 5, 7-10, 14-15, 18; *see also* Violation Hearing Report, 9/21/2023, ¶¶ 1, 3; Trial Court Order, 9/25/2023, at 1 (unpaginated).

[7] After a hearing on March 5, 2024, the trial court granted defense counsel's motion to withdraw as counsel and Helferty's motion to proceed pro se.

in prison, and wanted to seek mental health treatment outside of prison. ***See*** N.T., 4/24/2024, at 7-15, 89-99. The Commonwealth opposed the petition, presenting, in relevant part, the testimony of Lieutenant Robert Mastnjak of the Chester County Prison, who testified to Helferty's multiple prison citations since the November 21, 2023 parole revocation hearing based upon his repeated contact with the Victim from prison and actions to circumvent the prison's block on the Victim's phone number by using other sources, including an inmate, to relay messages to her on his behalf. ***See id.*** at 22-87. The Commonwealth presented a call log, text messages, note, and prison incident citation as further evidence of Helferty's contact with the Victim. ***See id.***, Exs. C1-C4.

At the close of the hearing, the trial court denied his petition for parole. ***Id.*** at 101-07; ***see also*** Trial Court Order, 4/25/2024. On May 24, 2024, the trial court denied his motion for reconsideration and Helferty filed the instant pro se appeal on June 27, 2024.[8] Both Helferty and the trial court complied with the requirements of Rule 1925 of the Pennsylvania Rules of Appellate Procedure.[9]

_____

[8] We address the timeliness of his appeal infra.

[9] On July 12, 2024, Helferty filed a petition to set bail pending appeal, which the trial court denied on July 16, 2024. Thereafter, Helferty petitioned this Court for review of that denial. This Court ordered the trial court to prepare a statement of reasons for its denial and the trial court complied on August 9, 2024. On September 10, 2024, this Court denied Helferty's petition.

- 4 -

Helferty raises the following issues for our review:

I.     Did the trial court commit legal error when it permitted testimony from the Commonwealth's witness disclosing the contents of [Helferty's] phone calls to an unknown and unidentified person, over [Helferty's] objections, and in violation of 18 Pa.C.S.[] § 5704(14)(i)(C)?

II.    Did the trial court commit discretionary error by permitting conflicting and ambiguous testimony, opinions, and introduction of evidence despite [Helferty's] proper objections and factual impeachment of the Commonwealth's witness testimony and weight of the evidence?

III.   Did the trial court commit legal error by enforcing an illegal condition of sentence, where no statutory authority existed to impose such condition, and permitting testimony of an alleged violation of that illegal condition by the Commonwealth and it[]s witness, when no institutional guilt was established, nor propriety to [Helferty's] rehabilitation demonstrated to be effective?

Helferty's Brief at 3.

Preliminarily, we must determine whether Helferty's notice of appeal was timely filed as it implicates our jurisdiction to review his claims. *See* ***Commonwealth v. Williams***, 106 A.3d 583, 587 (Pa. 2014) ("An appellant's failure to appeal timely an order generally divests the appellate court of its jurisdiction to hear the appeal."). In general, a notice of appeal must be filed within thirty days after the entry of the order from which the appeal is taken.[10] *See* Pa.R.A.P. 903(a). Entry of an order in a criminal case generally occurs

_____

[10] "An order denying a motion for parole is appealable as a final order under Pa.R.A.P. 341." ***Raling***, 305 A.3d at 112 n.1 (citations omitted); ***see also*** Pa.R.A.P. 341 (stating that generally "an appeal may be taken as of right from any final order of a government unit or trial court").

- 5 -

on the day the clerk of the trial court "mails or delivers copies of the order to the parties[.]" Pa.R.A.P. 108(a)(1), (d)(1). The trial court is required to promptly serve a copy of the order "on each party's attorney, or the party if unrepresented" and record the date of service on the docket. Pa.R.Crim.P. 114(B)(1), (C)(2)(c). "Where the trial court docket in a criminal case does not indicate service on a party or the date of service, we will not quash the appeal or require further proceedings. Rather, we will treat the time in which to take an appeal as never having started to run and treat the appeal as timely." **Commonwealth v. Midgley**, 289 A.3d 1111, 1117 (Pa. Super. 2023).

Instantly, the trial court entered its order denying Helferty's pro se petition for parole on April 25, 2024. On May 6, 2024, Helferty filed a pro se motion for reconsideration, which the trial court denied on May 24, 2024. Helferty had until May 28, 2024, to file a timely notice of appeal.[11] **See** Pa.R.A.P. 903(a); **Gardner**, 100 A.3d at 283. Helferty filed his pro se notice of appeal on June 27, 2024. However, the trial court docket entry for the April 25, 2024 order denying his petition for parole does not indicate service to Helferty. Accordingly, we treat the appeal as timely filed.

_____

[11] "[A] motion for reconsideration, unless expressly granted within the thirty-day appeal period, does not toll the time period for taking an appeal from a final, appealable order." **Gardner v. Consolidated Rail Corp.**, 100 A.3d 280, 283 (Pa. Super. 2014) (citation omitted). The thirtieth day fell on a Saturday, and the following Monday was a legal holiday. **See** 1 Pa.C.S. § 1908 (omitting Saturdays, Sundays, and legal holidays from computation of time).

Turning to the merits of the appeal,[12] when a defendant is eligible for parole, we review a trial court's decision to grant or deny parole for an abuse of discretion. ***Raling***, 305 A.3d at 114. Our standard of review for evidentiary issues is also for an abuse of discretion. ***Commonwealth v. Grubbs***, 330 A.3d 444, 449, 454 (Pa. Super. 2025). "An abuse of discretion is the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will, or partiality, as shown by the evidence of record." ***Id.*** at 449 (citation and quotation marks omitted).

> An error is harmless if
>
> (1) the error did not prejudice the defendant or the prejudice was de minimus*;* or (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

***Commonwealth v. Markman***, 916 A.2d 586, 603 (2007) (citation, quotation marks, and brackets omitted). "[T]he Commonwealth bears the burden of proving that the error was harmless beyond a reasonable doubt. Nonetheless, an appellate court may sua sponte invoke the harmless error doctrine as it

---

[12] The Commonwealth does not address the merits of the issues Helferty raised on appeal, arguing solely that the appeal should be quashed as untimely. We further note with disapproval the Commonwealth's failure to quote or give attribution to the trial court's opinion (relating to Helferty's petition to set bail pending appeal) when it recited much of the opinion verbatim in its counter-statement of the case. ***Compare*** Commonwealth's Brief at 3-8, ***with*** Trial Court Supplemental Opinion, 8/9/2024, at 2-4.

does nothing more than affirm a valid judgment of sentence on an alternative basis." ***Commonwealth v. Cruz***, 320 A.3d 1257, 1276 n.15 (Pa. Super. 2024) (en banc) (citation and quotation marks omitted).

As best as we can discern from his handwritten brief, Helferty's first two issues raise numerous claims of error concerning the trial court's admission of evidence concerning the contents of his calls to the Victim from prison, some of which raise claims under Pennsylvania's Wiretapping and Electronic Surveillance Control Act. ***See*** Helferty's Brief at 8-25. The record reflects, however, that the contents of the calls had no bearing on the trial court's decision not to grant his request for parole. Instead, in denying his petition, the trial court stated:

> What the [trial c]ourt has heard today is that still, while in a total confinement situation of Chester County Prison, you are still making attempts to contact [the Victim], even at the same time you're asking this [trial c]ourt to let you out. So while the [trial c]ourt applauds your efforts in terms of trying to better yourself within the prison, this [trial c]ourt is concerned that you still are not understanding what is happening here, which is you're not to contact [the Victim].
>
>         \*    \*    \*
>
> The [trial c]ourt notes that you've tried to better yourself. But the [trial c]ourt, on the other hand, notes that the Commonwealth has presented evidence[ that] you continue to not abide by that order. So because of that, and in vindicating the [trial c]ourt's authority this time, … the [trial c]ourt is not granting you early parole.

N.T., 4/24/2024, at 104-05. The record further reflects that at the beginning of the hearing on his petition, Helferty admitted to contacting the Victim in

violation of his sentencing order after his parole was revoked and he was recommitted to prison. *Id.* at 12 (Helferty stating that he "does have several misconduct citations while being imprisoned, after sentence, involving again, non-assaultive mutual contact with the [V]ictim. Understandably, it was against Judge Sommer's order and that contact has now ceased[.]"). Thus, even assuming, without deciding, that the trial court erred in allowing the evidence in question, the evidence did not prejudice him and thus the error was harmless beyond a reasonable doubt. *See Markman*, 916 A.2d at 603; *Cruz*, 320 A.3d at 1276 n.15.

In his final issue, Helferty claims that his sentence is illegal because the November 21, 2023 order revoking his parole imposed a condition prohibiting contact with the Victim, required him to complete a domestic violence course which the prison does not offer and could instead be completed in the community, was purely punitive and not rehabilitative, did not contain a minimum sentence but instead a "flat sentence," required total confinement, and "was not a revocation but a new sentence." *See* Helferty's Brief at 26-39.

At base, Helferty claims the November 21, 2023 order revoking parole imposed an illegal sentence. However, an "order revoking parole does not impose a new sentence; it requires appellant, rather, to serve the balance of a valid sentence previously imposed." *Commonwealth v. Simmons*, 262

A.3d 512, 528 (Pa. Super. 2021) (en banc) (quoting **Commonwealth v. Mitchell**, 632 A.2d 934 (Pa. Super. 1993)).

Moreover, while a challenge to the legality of a sentence is generally not waivable, even where, as here, it is raised for the first time on appeal, this Court can only review such claims if we have jurisdiction of the order implementing the sentence. **See Commonwealth v. Whitehawk**, 146 A.3d 266, 270 (Pa. Super. 2016) (citing **Commonwealth v. Jones**, 932 A.2d 179, 182 (Pa. Super. 2007) (stating that although "it is black-letter law that challenges to the legality of a judgment of sentence cannot be waived," such a rule "does not preclude a court from enforcing procedural rules or jurisdictional limits and requiring such claims be properly presented at the time they are raised in order to obtain review thereof")). Helferty received the sentence in question on May 3, 2023. Because Helferty did not file a post-sentence motion, he had thirty days in which to file an appeal from his judgment of sentence, which he did not do. **See** Pa.R.Crim.P. 720(A)(3); Pa.R.A.P. 903(c)(3). Accordingly, we are without jurisdiction to consider his claim challenging the legality of his sentence. **See Whitehawk**, 146 A.3d at 270; **Prinkey**, 277 A.3d at 560; **see also Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa. Super. 2015) (quashing appeal for lack of jurisdiction where appellant failed to file appeal within thirty days of imposition of sentence).

Because none of Helferty's issues merit relief, we affirm the order of the trial court denying his petition for parole.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/22/2025